IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLES R. EAGLE BOY, Petitioner, vs. NEBRASKA ATTORNEY GENERAL, Respondent. | 4:18CV3021 MEMORANDUM AND ORDER |

# I. INITIAL REVIEW

This matter is before the court on initial review of Petitioner Charles R. Eagle Boy's Petition for Writ of Habeas Corpus. (Filing No. 1.) The court will dismiss the petition because it is a second or successive habeas corpus petition that has not been authorized by the Eighth Circuit Court of Appeals.

The statutory prohibition against successive petitions by state prisoners is codified in 28 U.S.C. § 2244, which provides in relevant part:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

In *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010), the United States Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." In other words, the phrase "second or successive" applies to entire habeas petitions, and not to individual claims in those petitions. *Id.*

This court's records reflect that Eagle Boy's petition is successive. Indeed, Eagle Boy acknowledges that fact on the face of his petition. (*See* Filing No. 1 at CM/ECF p.1.) He challenges his 2010 conviction in the District Court of Lancaster County, Nebraska for attempted robbery. Eagle Boy unsuccessfully challenged this same conviction in earlier federal habeas corpus litigation. (*See Eagle Boy v. Peart*, Case No. 4:13CV3120, Filing No. 24 (dismissing petition with prejudice as barred by the one-year limitations period). Thus, Eagle Boy would be required to seek the permission of the Eighth Circuit Court of Appeals to commence this second action. 28 U.S.C. § 2444(b)(2) & (3)(A). He has not done so, and this matter must be dismissed. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (the district court lacked

jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition).

## II.  CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Eagle Boy has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that  the habeas corpus petition (filing no. 1) is dismissed with prejudice. No certificate of appealability has been or will be issued in this matter. The court will enter judgment by separate document.

Dated this 7th day of June, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge